KM

WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No.   CV-24-08062-PCT-JAT |
| Plaintiff, | CR-05-00594-PCT-JAT |
| v. | **ORDER** |
| Duane Thomas Lee, | |
| Defendant/Movant. | |

Pending before the Court are self-represented Movant Duane Thomas Lee's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) and Motion for Appointment of Counsel (Doc. 2). The Court will summarily deny the Motion.

**I.   Background**

This is Movant's **third** § 2255 Motion challenging his conviction and sentence in CR 05-00594-PCT-JAT. The first motion was denied on the merits on April 29, 2009 (Doc. 58 in CR 05-00594-PCT-JAT). On February 16, 2017, the Ninth Circuit Court of Appeals authorized Movant to file a second § 2255 Motion, which was filed in CV 16-08138-PCT-JAT (JFM)). On October 9, 2018, the Court denied the second § 2255 Motion. Movant appealed and, on May 19, 2023, the Ninth Circuit affirmed the dismissal of the second § 2255 Motion. On March 19, 2024, Movant filed a "Motion to Dismiss Case" (Doc. 50 in CV 16-08138), and a Motion for Appointment of Counsel (Doc. 51 in CV 16-08138). In a March 26, 2024 Order, the Court construed the "Motion to Dismiss" as a

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and directed the Clerk of Court to open a new civil case for consideration of the § 2255 Motion.  The Court opened this case and filed a copy of the new Motion in Movant's criminal case (Doc. 69 in CR 05-00594-PCT-JAT).

Under 28 U.S.C. §§ 2255(h) and 2244, Movant may not file a second or successive § 2255 motion in the district court unless he has obtained a certification from the Ninth Circuit Court of Appeals authorizing the district court to consider the second or successive § 2255 motion.  Because Movant has failed to obtain permission from the Ninth Circuit before filing this successive § 2255 motion, the Court lacks subject matter jurisdiction over the successive § 2255 motion and must dismiss it.  *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (concluding that the district court lacked jurisdiction to consider a successive § 2255 motion when movant had failed to request certification from the appellate court prior to filing successive § 2255 motion in the district court); *United States v. Alvarez-Ramirez*, 128 F. Supp. 2d 1265, 1267 (C.D. Cal. 2001) (dismissing a second § 2255 motion for lack of subject matter jurisdiction because movant failed to obtain Ninth Circuit certification).

Pursuant to Ninth Circuit Rule 22-3(a), the Court will direct the Clerk of Court to refer Movant's second § 2255 motion to the Ninth Circuit Court of Appeals and will deny as moot Movant's Motion for Appointment of Counsel.

**IT IS ORDERED:**

(1)     The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 69 in CR 05-00594-PCT-JAT) is **denied** and the civil action opened in connection with this Motion (CV 24-08062-PCT-JAT) is **dismissed without prejudice**.  The Clerk of Court must enter judgment accordingly.

(2)     Movant's Motion for Appointment of Counsel (Doc. 2) is **denied as moot**.

(3)     The Clerk of Court must send a copy of this Order and Movant's § 2255 Motion (Doc. 1 in CV 24-08062-PCT-JAT) to the **Ninth Circuit Court of Appeals** and to **Plaintiff United States of America**.

- 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     (4)     Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

     Dated this 3rd day of June, 2024.

James A. Teilborg
Senior United States District Judge